825 So.2d 889 (2002)
REPORT OF THE SUPREME COURT WORKGROUP ON PUBLIC RECORDS.
No. SC01-897.
Supreme Court of Florida.
March 7, 2002.
Revised on Grant of Clarification September 12, 2002.
The Honorable Charles J. Kahn, Jr., Chair, Supreme Court Workgroup on Public Records, The Honorable James R. Wolf, Chair, Judicial Qualifications Commission, Tallahassee, FL; and The Honorable Robert L. Shevin, Chair of the Supreme Court Jury Innovations Committee, Miami, FL, Petitioner.
The Honorable John C. Lenderman, Chair, Family Law Rules Committee, St. Petersburg, FL; Gregg D. Thomas and Rachel E. Fugate of Holland & Knight LLP, Tampa, FL, and David S. Bralow, Senior Counsel, Tribune Company, Orlando, FL, for The Orlando Sentinel; B. Lynn Rawls, Operations and Management Consultant II, Florida Department of State, Division of Library and Information Services, Tallahassee, FL; and Patricia A. Hargraves, Records Management Director, Hernando County Clerk's Office, Brooksville, FL, Responding.
PER CURIAM.
The Supreme Court Workgroup on Public Records petitions this Court to consider amendments to the Florida Rules of Judicial Administration. We have jurisdiction. See art. I, § 24, art. V, § 2(a), Fla. Const. Having reviewed the petition and considered the comments and the oral arguments, we adopt all of the Workgroup's proposals. The rules amendments and the retention schedule are set forth in the appendix; proposals that do not pertain to rules amendments will be addressed administratively. We have edited the rules and retention schedule for style and grammar.
By administrative order No. AOSC00-31, dated September 18, 2000, the Chief Justice created the Supreme Court Workgroup on Public Records. The Workgroup was given the assignment of reviewing issues concerning judicial branch public records and making recommendations to the Court to amend the Florida Rules of Judicial Administration or adopt Supreme Court policies. The Workgroup held several meetings over the course of seven months and identified the following areas for review: (1) access to judicial branch records; (2) retention of judicial branch records; (3) fees for copies of administrative records; (4) exemptions from access to public records; (5) education and training of judges and court personnel on public records issues; (6) copyrighting of records; and (7) changing technology and access.
*890 The Workgroup proposes amendments to address the seven categories, including amendments to Florida Rules of Judicial Administration 2.030, 2.040, 2.051, and 2.075, the adoption of new rule 2.076, and a Judicial Branch Retention Schedule for Administrative Records. Many of the proposals concern administrative records of the judicial branch, which is a category of records not currently covered by the rules. The proposals were published and comments were received. The Workgroup considered all of the comments and filed its response.
The Honorable Robert L. Shevin, Chair of the Supreme Court Jury Innovations Committee, suggested adding to the Judicial Branch Retention Schedule for Administrative Records a subsection on juror notes. The Honorable James R. Wolf, Chair of the Judicial Qualifications Commission, suggested adding to the Retention Schedule a subsection on judicial financial disclosure forms and judicial complaints. The Workgroup agreed with these suggestions, and we adopt them as proposed.
In response to concerns relative to access to public records expressed by the publisher of The Orlando Sentinel, we note that the requirement that all requests for access to judicial records be in writing is intended to facilitate access to public records rather than to impede it. The Workgroup proposed this amendment to assist both the records custodian and the requestor so that both sides would clearly understand what records are being requested. The writing requirement is not intended to be a procedural obstacle, drowning the requestor in excessive formalities and deterring individuals from seeking access to judicial records. Records custodians must not place form over substance, and as long as the custodian can identify the record requested, the custodian must produce the record. To reinforce that the intent of the writing requirement is to facilitate access, and not to exclude or bar anyone from such access, we have amended the commentary to new rule 2.051 to clarify that persons having difficulty writing their requests for judicial branch records may seek assistance from the records custodians in meeting the writing requirement set forth in rule 2.051(e)(1). Further, records custodians should take any other reasonable steps to ensure that individuals obtain access to the judicial records they seek.
We wish to take this opportunity to express our gratitude to the members of the Workgroup and the commentators for their time and effort in undertaking the task of addressing judicial branch public records issues.
Accordingly, we amend the Rules of Judicial Administration and adopt the Judicial Branch Retention Schedule for Administrative Records as provided in the appendix. In approving these amendments, we express no opinion as to their constitutionality. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments and schedule shall take effect on the filing of this opinion.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.

APPENDIX

RULE 2.030 THE SUPREME COURT
(a) Internal Government.
(1) Exercise of Powers and Jurisdiction. The supreme court shall exercise its powers and jurisdiction en banc. Five justices shall constitute a quorum and the concurrence of 4 shall be necessary to a decision. In cases requiring only a panel of 5, if 4 of *891 the 5 justices who consider the case do not concur, it shall be submitted to the other 2 justices.
(2) Chief Justice.
(A) The chief justice shall be chosen by majority vote of the justices for a term commencing on July 1 of even-numbered years. If a vacancy occurs, a successor shall be chosen promptly to serve the balance of the unexpired term.
(B) The chief justice shall have the following administrative powers and duties. The chief justice shall:
(i) be the administrative officer of the court and shall be responsible for the dispatch of its business;
(ii) have the power to act on requests for stays during the pendency of proceedings, to order the consolidation of cases, to determine all procedural motions and petitions relating to the time for filing and size of briefs and other papers provided for under the rules of this court, to advance or continue cases, and to rule on other procedural matters relating to any proceeding or process in the court;
(iii) have the power to assign active or retired county, circuit, or appellate judges or justices to judicial service in this state, in accordance with subdivisions (a)(3) and (a)(4) of this rule;
(iv) have the power, upon request of the chief judge of any circuit or district, or sua sponte, in the event of natural disaster, civil disobedience, or other emergency situation requiring the closure of courts or other circumstances inhibiting the ability of litigants to comply with deadlines imposed by rules of procedure applicable in the courts of this state, to enter such order or orders as may be appropriate to suspend, toll, or otherwise grant relief from time deadlines imposed by otherwise applicable statutes and rules of procedure for such period as may be appropriate, including, without limitation, those affecting speedy trial procedures in criminal and juvenile proceedings, all civil process and proceedings, and all appellate time limitations; and
(v) perform such other administrative duties as may be required and which are not otherwise provided for by law or rule.
(C) The chief justice shall be notified by all justices of any contemplated absences from the court and the reasons therefor.
(D) If the chief justice dies, retires, or is unable to perform the duties of the office, the justice longest in continuous service shall perform the duties during the period of incapacity or until a successor chief justice is elected.
(3) Administration.
(A) The chief justice may, either upon request or when otherwise necessary for the prompt dispatch of business in the courts of this state, temporarily assign justices of the supreme court, judges of district courts of appeal, circuit judges, and judges of county courts to any court for which they are qualified to serve. Any consenting retired justice or judge may be assigned to judicial service and receive compensation as provided by law.
(B) For the purpose of judicial administration, a "retired judge" is defined as a judge not engaged in the practice of law who has been a judicial officer of this state. A retired judge shall comply with all requirements that the supreme court deems necessary relating to the recall of retired judges.
(C) When a judge who is eligible to draw retirement compensation has entered the private practice of law, the judge may be eligible for recall to judicial service *892 upon cessation of the private practice of law and approval of the judge's application to the court. The application shall state the period of time the judge has not engaged in the practice of law, and must be approved by the court before the judge shall be eligible for recall to judicial service.
(D) A retired judge serving on assignment to temporary judicial duty may be referred to as a "senior judge." This designation is honorary and has no effect on the responsibilities or conduct of the retired judge.
(4) Assignments of Justices and Judges.
(A) When a justice of the supreme court is unable to perform the duties of office, or when necessary for the prompt dispatch of the business of the court, the chief justice may assign to the court any judge who is qualified to serve, for such time as the chief justice may direct.
(B) When a judge of any district court of appeal is unable to perform the duties of office, or when necessary for the prompt dispatch of the business of the court, the chief judge shall advise the chief justice and the chief justice may assign to the court any judge who is qualified to serve, for such time or such proceedings as the chief justice may direct.
(C) When any circuit or county judge is unable to perform the duties of office, or when necessary for the prompt dispatch of the business of the court, the chief judge of the circuit may assign any judge in the circuit to temporary service for which the judge is qualified, in accordance with rule 2.050. If the chief judge deems it necessary, the chief judge may request the chief justice to assign a judge to the court for such time or such proceedings as the chief justice may direct.
(b) Clerk.
(1) Appointment. The supreme court shall appoint a clerk who shall hold office at the pleasure of the court and perform such duties as the court directs. The clerk's compensation shall be fixed by law. The clerk's office shall be in the supreme court building. The clerk shall devote full time to the duties of the office and shall not engage in the practice of law while in office.
(2) Custody of Records, Files, and Seal. All papers, records, files, court records and the seal of the court shall be kept in the office and the custody of the clerk. The clerk shall not allow any paper, record, or file court record to be taken from the clerk's office or the courtroom, except by a justice of the court or upon the order of the court.
(3) Records of Proceedings. The clerk shall keep such records as the court may from time to time order or direct. The clerk shall keep a docket or equivalent electronic record of all cases that are brought for review to, or that originate in, the court. Each case shall be numbered in the order that the notice, petition, or other initial pleading originating the cause is filed in the court.
(4) Filing Fee. In all cases filed in the court, the clerk shall require the payment of a fee as provided by law when the notice, petition, or other initial pleading is filed. The payment shall not be exacted in advance in appeals in which a party has been adjudicated insolvent for the purpose of an appeal or in appeals in which the state is the real party in interest as the moving party. The payment of the fee shall not be required in habeas corpus proceedings, or appeals therefrom, arising out of or in connection with criminal actions.
(5) Issuance of Mandate; Recordation and Notification. The clerk shall issue such mandates or process as may be directed *893 by the court. Upon the issuance of any mandate, the clerk shall record the issuance in a book or equivalent electronic record kept for that purpose, in which the date of issuance and the manner of transmittal of the process shall be noted. In proceedings in which no mandate is issued, upon final adjudication of the pending cause the clerk shall transmit to the party affected thereby a copy of the court's order or judgment. The clerk shall notify the attorneys of record of the issuance of any mandate or the rendition of any final judgment. The clerk shall furnish without charge to all attorneys of record in any cause a copy of any order or written opinion rendered in such action.
(6) Return of Original Papers. Upon the conclusion of any proceeding in the supreme court, the clerk shall return to the clerk of the lower court the original papers or files transmitted to the court for use in the cause.
(c) Librarian.
(1) Appointment. The supreme court shall appoint a librarian of the supreme court and such assistants as may be necessary. The supreme court library shall be in the custody of the librarian, but under the exclusive control of the court. The library shall be open to members of the bar of the supreme court, to members of the legislature, to law officers of the executive or other departments of the state, and to such other persons as may be allowed to use the library by special permission of the court.
(2) Library Hours. The library shall be open during such times as the reasonable needs of the bar require and shall be governed by regulations made by the librarian with the approval of the court.
(3) Books. Books shall not be removed from the library except for use by, or upon order of, any justice.
(d) Marshal.
(1) Appointment. The supreme court shall appoint a marshal who shall hold office at the pleasure of the court and perform such duties as the court directs. The marshal's compensation shall be fixed by law.
(2) Duties. The marshal shall have power to execute process of the court throughout the state and such other powers as may be conferred by law. The marshal may deputize the sheriff or a deputy sheriff in any county to execute process of the court and shall perform such clerical or ministerial duties as the court may direct or as required by law. Subject to the direction of the court, the marshal shall be custodian of the supreme court building and grounds.
(e) State Courts Administrator.
(1) Appointment. The supreme court shall appoint a state courts administrator who shall serve at the pleasure of the court and perform such duties as the court directs. The state courts administrator's compensation shall be fixed by law.
(2) Duties. The state courts administrator shall supervise the administrative office of the Florida courts, which shall be maintained at such place as directed by the supreme court; shall employ such other personnel as the court deems necessary to aid in the administration of the state courts system; shall represent the state courts system before the legislature and other bodies with respect to matters affecting the state courts system and functions related to and serving the system; shall supervise the preparation and submission to the supreme court, for review and approval, of a tentative budget request for the state courts system and shall appear *894 before the legislature in accordance with the court's directions in support of the final budget request on behalf of the system; shall assist in the preparation of educational and training materials for the state courts system and related personnel, and shall coordinate or assist in the conduct of educational and training sessions for such personnel; shall assist all courts in the development of improvements in the system, and submit to the chief justice and the court appropriate recommendations to improve the state courts system; and shall collect and compile uniform financial and other statistical data or information reflective of the cost, workloads, business, and other functions related to the state courts system. The state courts administrator is the custodian of all records in the administrator's office.
(f) Open Sessions. All sessions of the court shall be open to the public, except proceedings designated as confidential by the court and conference sessions held for the discussion and consideration of pending cases, for the formulation of opinions by the court, and for the discussion or resolution of other matters related to the administration of the state courts system.
(g) Designation of Assigned Judges. When any judge of another court is assigned for temporary service on the supreme court, that judge shall be designated, as author or participant, by name and initials followed by the words "Associate Justice."

RULE 2.040 DISTRICT COURTS OF APPEAL
(a) Internal Government.
(1) Exercise of Powers and Jurisdiction. Three judges shall constitute a panel for and shall consider each case, and the concurrence of a majority of the panel shall be necessary to a decision.
(2) Chief Judge. The chief judge shall be chosen by the judges of the court for a term commencing on July 1 of each odd-numbered year, and shall serve for a term of 2 years. In the event of a vacancy, a successor shall be chosen promptly to serve the balance of the unexpired term. The selection of a chief judge should be based on managerial, administrative, and leadership abilities. The chief judge may be removed by a two-thirds vote of the active judges. The chief judge shall be the administrative officer of the court, responsible for the dispatch of its business, shall have the power to order consolidation of cases, and shall assign cases to the judges for the preparation of opinions, orders, or judgments. If the chief judge is unable to discharge these duties, the judge longest in continuous service or, as between judges with equal continuous service, the one having the longest unexpired term and able to do so, shall perform the duties of chief judge pending the chief judge's return to duty. Judges shall notify the chief judge of any contemplated absence from the court and the reasons therefor.
(b) Clerk.
(1) Appointment. The court shall appoint a clerk who shall hold office at the pleasure of the court and perform such duties as the court directs. The clerk's compensation shall be fixed by law. The clerk's office shall be in the headquarters of the court. The clerk's time shall be devoted to the duties of the office and the clerk shall not engage in the private practice of law while serving as clerk. All books, papers, records, files, court records and the seal of the court shall be kept in the office and the custody of the clerk. The clerk shall not allow any book, paper, record, or file court record to be taken from the clerk's office or the courtroom, except by a judge of the court or upon order of the court.
*895 (2) Records of Proceedings. The clerk shall keep such records as the court may from time to time order or direct. The clerk shall keep a docket or equivalent electronic record of all cases that are brought for review to, or that originate in, the court. Each case shall be numbered in the order that the notice, petition, or other initial pleading originating the proceeding is filed in the court.
(3) Filing Fee. In all cases filed in the court, the clerk shall require the payment of a fee as provided by law at the time the notice, petition, or other initial pleading is filed. The payment shall not be exacted in advance in appeals in which a party has been adjudicated insolvent for the purpose of an appeal or in appeals in which the state is the real party in interest as the moving party. The payment of the fee shall not be required in habeas corpus proceedings or appeals therefrom.
(4) Issuance of Mandate; Recordation and Notification. The clerk shall issue such mandates or process as may be directed by the court. If the court directs that a mandate record shall be maintained, then upon the issuance of any mandate the clerk shall record the issuance in a book or equivalent electronic record kept for that purpose, in which shall be noted the date of issuance and the manner of transmittal of the process. In proceedings in which no mandate is issued, upon final adjudication of the pending cause the clerk shall transmit to the party affected thereby a copy of the court's order or judgment. The clerk shall notify the attorneys of record of the issuance of any mandate or the rendition of any final judgment. The clerk shall furnish without charge to all attorneys of record in any cause a copy of any order or written opinion rendered in such action.
(5) Return of Original Papers. The clerk shall retain all original papers, files, and exhibits transmitted to the court for a period of not less than 30 days after rendition of the opinion or order denying any motion pursuant to Florida Rule of Appellate Procedure 9.330, whichever is later. If no discretionary review proceeding or appeal has been timely commenced in the supreme court to review the court's decision within 30 days, the clerk shall transmit to the clerk of the trial court the original papers, files, and exhibits. If a discretionary review proceeding or appeal has been timely commenced in the supreme court to review the court's decision, the original papers, files, and exhibits shall be retained by the clerk until transmitted to the supreme court or, if not so transmitted, until final disposition by the supreme court and final disposition by the court pursuant to the mandate issued by the supreme court.
(c) Marshal.
(1) Appointment. The court shall appoint a marshal who shall hold office at the pleasure of the court and perform such duties as the court directs. The marshal's compensation shall be fixed by law.
(2) Duties. The marshal shall have power to execute process of the court throughout the district, and in any county therein may deputize the sheriff or a deputy sheriff for such purpose. The marshal shall perform such clerical or ministerial duties as the court may direct or as are required by law. The marshal shall be custodian of the headquarters occupied by the court, whether the headquarters is an entire building or a part of a building.
(d) Open Sessions. All sessions of the court shall be open to the public, except conference sessions held for the discussion and consideration of pending cases, for the formulation of opinions by the court, and for the discussion or resolution of other matters related to the administration of the court.
*896 (e) Designation of Assigned Judges. When any justice or judge of another court is assigned for temporary service on a district court of appeal, that justice or judge shall be designated, as author or participant, by name and initials followed by the words "Associate Judge."

RULE 2.051 PUBLIC ACCESS TO JUDICIAL BRANCH RECORDS
(a) Generally. Subject to the rulemaking power of the Florida Supreme Court provided by article V, section 2, Florida Constitution, the following rule shall govern public access to the records of the judicial branch of government and its agencies. The public shall have access to all records of the judicial branch of government and its agencies, except as provided below.
(b) Definitions. Judicial records for this rule refer to documents, exhibits in the custody of the clerk, papers, letters, maps, books, tapes, photographs, films, recordings, data processing software of other material created by any entity within the judicial branch, regardless of physical form, characteristics, or means of transmission, that are made or received pursuant to court rule, law or ordinance, or in connection with the transaction of official business by any court or court agency.
(1) "Records of the judicial branch" are all records, regardless of physical form, characteristics, or means of transmission, made or received in connection with the transaction of official business by any judicial branch entity and consist of:
(A) "court records," which are the contents of the court file, including the progress docket and other similar records generated to document activity in a case, transcripts filed with the clerk, documentary exhibits in the custody of the clerk, and electronic records, videotapes, or stenographic tapes of depositions or other proceedings filed with the clerk, and electronic records, videotapes, or stenographic tapes of court proceedings; and
(B) "administrative records," which are all other records made or received pursuant to court rule, law, or ordinance, or in connection with the transaction of official business by any judicial branch entity.
(2) "Judicial branch" means the judicial branch of government, which includes the state courts system, the clerk of court when acting as an arm of the court, The Florida Bar, the Florida Board of Bar Examiners, the Judicial Qualifications Commission, and all other entities established by or operating under the authority of the supreme court or the chief justice.
(3) "Custodian." The custodian of all administrative records of any court is the chief justice or chief judge of that court, except that each judge is the custodian of all records that are solely within the possession and control of that judge. As to all other records, the custodian is the official charged with the responsibility of maintaining the office having the care, keeping, and supervision of such records. All references to "custodian" mean the custodian or the custodian's designee.
(c) Exemptions. The following records of the judicial branch and its agencies shall be confidential:
(1) Trial and appellate court memoranda, drafts of opinions and orders, court conference records, notes, and other written materials of a similar nature prepared by judges or court staff acting on behalf of or at the direction of the court as part of the court's judicial decision-making process utilized in disposing of cases and controversies before Florida courts unless filed as a part of the court record;
*897 (2) Memoranda or advisory opinions that relate to the administration of the court and that require confidentiality to protect a compelling governmental interest, including, but not limited to, maintaining court security, facilitating a criminal investigation, or protecting public safety, which cannot be adequately protected by less restrictive measures. The degree, duration, and manner of confidentiality imposed shall be no broader than necessary to protect the compelling governmental interest involved, and a finding shall be made that no less restrictive measures are available to protect this interest. The decision that confidentiality is required with respect to such administrative memorandum or written advisory opinion shall be made by the chief judge of the court involved, with the concurrence of either the chief judge of the next highest appellate court or the Chief Justice;
(3) (A) Complaints alleging misconduct against judges, until probable cause is established;
(B) Complaints alleging misconduct against other entities or individuals licensed or regulated by the courts, until a finding of probable cause or no probable cause is established, unless otherwise provided. Such finding should be made within the time limit set by law or rule. If no time limit is set, the finding should be made within a reasonable period of time;
(4) Periodic evaluations implemented solely to assist judges in improving their performance, all information gathered to form the bases for the evaluations, and the results generated therefrom;
(5) Only the names and qualifications of persons applying to serve or serving as unpaid volunteers to assist the court, at the court's request and direction, shall be accessible to the public. All other information contained in the applications by and evaluations of persons applying to serve or serving as unpaid volunteers shall be confidential unless made public by court order based upon a showing of materiality in a pending court proceeding or upon a showing of good cause;
(6) Copies of arrest and search warrants and supporting affidavits retained by judges, clerks, or other court personnel until execution of said warrants or until a determination is made by law enforcement authorities that execution cannot be made;
(7) All records made confidential under the Florida and United States Constitutions and Florida and federal law;
(8) All court records presently deemed to be confidential by court rule, including the Rules for Admission to the Bar, by Florida Statutes, by prior case law of the State of Florida, and by the rules of the Judicial Qualifications Commission;
(9) Any court record determined to be confidential in case decision or court rule on the grounds that
(A) confidentiality is required to
(i) prevent a serious and imminent threat to the fair, impartial, and orderly administration of justice;
(ii) protect trade secrets;
(iii) protect a compelling governmental interest;
(iv) obtain evidence to determine legal issues in a case;
(v) avoid substantial injury to innocent third parties;
(vi) avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed;
(vii) comply with established public policy set forth in the Florida or United *898 States Constitution or statutes or Florida rules or case law;
(B) the degree, duration, and manner of confidentiality ordered by the court shall be no broader than necessary to protect the interests set forth in subdivision (A);
(C) no less restrictive measures are available to protect the interests set forth in subdivision (A); and
(D) except as provided by law or rule of court, reasonable notice shall be given to the public of any order closing any court record.
(10) The names and any identifying information of judges mentioned in an advisory opinion of the Committee on Standards of Conduct for Judges.
(d) Review of Denial of Access Request. Expedited review of denials of access to judicial records of the judicial branchor to the records of judicial agencies shall be provided through an action for mandamus, or other appropriate appellate remedy, in the following manner:
(1) Where a judge who has denied a request for access to records in the judge's possession or custody is the custodian, the action shall be filed in the court having appellate jurisdiction to review the decisions of the judge denying access.
(2) All other actions under this rule shall be filed in the circuit court of the circuit in which such denial of access occurs.
(e) Procedure. Requests and responses to requests for access to public records under this rule shall be made in a reasonable manner.
(1) Requests for access to records shall be in writing and shall be directed to the custodian. The request shall provide sufficient specificity to enable the custodian to identify the requested records. The reason for the request is not required to be disclosed.
(2) The custodian shall be solely responsible for providing access to records of the custodian's entity. The custodian shall determine whether the requested record is subject to this rule and, if so, whether the record or portions of the record are exempt from disclosure. The custodian shall determine the form in which the record is provided.
(3) Fees for copies of records in all entities in the judicial branch of government, except for copies of court records, shall be the same as those provided in section 119.07, Florida Statutes (2001).

2002 Court Commentary
The custodian is required to provide access to or copies of records but is not required either to provide information from records or to create new records in response to a request. Op. Atty. Gen. Fla. 80-57 (1980); Wootton v. Cook, 590 So.2d 1039 (Fla. 1st DCA 1991); Seigle v. Barry, 422 So.2d 63 (Fla. 4th DCA 1982).
The writing requirement is not intended to disadvantage any person who may have difficulty writing a request; if any difficulty exists, the custodian should aid the requestor in reducing the request to writing.
It is anticipated that each judicial branch entity will have policies and procedures for responding to public records requests.
The 1995 commentary notes that the definition of "judicial records" added at that time is consistent with the definition of "court records" contained in rule 2.075(a)(1) and the definition of "public records" contained in chapter 119, Florida Statutes. Despite the commentary, these definitions are not the same. The definitions added in 2002 are intended to clarify that records of the judicial branch include *899 court records as defined in rule 2.075(a)(1) and administrative records. The definition of records of the judicial branch is consistent with the definition of "public records" in chapter 119, Florida Statutes.

RULE 2.075 RETENTION OF COURT RECORDS
(a) Definitions. The following definitions apply to this rule:
(1) "Court records" mean the contents of the court file, depositions filed with the clerk, transcripts, including the progress docket and other similar records generated to document activity in a case, transcripts filed with the clerk, documentary exhibits in the custody of the clerk, and electronic records, video tapes, and or stenographic tapes of depositions or other proceedings filed with the clerk, and electronic records, videotapes or stenographic tapes of court proceedings.
(2) "After a judgment has become final" means:
(A) when a final order, final judgment, final docket entry, final dismissal, or nolle prosequi has been entered as to all parties, no appeal has been taken, and the time for appeal has expired; or
(B) when a final order, final judgment, or final docket entry has been entered, an appeal has been taken, the appeal has been disposed of, and the time for any further appellate proceedings has expired.
(3) "Permanently recorded" means that a document has been microfilmed, optically imaged, or recorded onto an electronic record keeping system in accordance with standards adopted by the Division of Library and Information Services of the Department of State.
(b) Required Consent. Disposal of court records under this rule is subject to obtaining any consent required by law from the Division of Library and Information Services of the Department of State.
(c) Permanently Recorded Records. Court records, except exhibits, that have been permanently recorded in accordance with standards adopted by the Division of Library and Information Services of the Department of State, may be destroyed or otherwise disposed of by the clerk at any time after a judgment has become final.
(d) Records Not Permanently Recorded. No court records under this subdivision shall be destroyed or disposed of until the final order, final docket entry, or final judgment is permanently recorded for, or recorded in, the public records. The time periods shall not apply to any action in which the court orders the court records to be kept until the court orders otherwise. When an order is entered to that effect, the progress docket and the court file shall be marked by the clerk with a legend showing that the court records are not to be destroyed or disposed of without a further order of court. Any person may apply for an order suspending or prohibiting destruction or disposition of court records in any proceeding. Court records, except exhibits, that are not permanently recorded may be destroyed or disposed of by the clerk at the times prescribed below after a judgment has become final in accordance with the following schedule:
(1) For trial courts
(A) Sixty 60 daysParking tickets and noncriminal traffic infractions after required audits have been completed.
(2)(B) Two 2 yearsProceedings under the Small Claims Rules, Medical Mediation Proceedings.
(3)(C) Five 5 yearsMisdemeanor actions, criminal traffic violations, ordinance violations, civil litigation proceedings in county court other than those under the *900 Small Claims Rules, and civil proceedings in circuit court except marriage dissolutions and adoptions.
(4)(D) Ten 10 years Probate, guardianship, and mental health proceedings.
(5)(E) Ten 10 yearsFelony cases in which no information or indictment was filed or in which all charges were dismissed, or in which the state announced a nolle prosequi, or in which the defendant was adjudicated not guilty.
(6)(F) Seventy-five 75 yearsJuvenile proceedings containing an order permanently depriving a parent of custody of a child, and adoptions, and all felony cases not previously destroyed.
(7) Kept permanentlyProgress dockets and their indices.
(8)(G) Juvenile proceedings not otherwise provided for in this subdivision shall be kept for 5 years after the last entry or until the child reaches the age of majority, whichever is later.
(9)(H) Marriage dissolutionsTen 10 years from the last record activity. The court may authorize destruction of court records not involving alimony, support, or custody of children 5 years from the last record activity.
(2) For district courts of appeal
(A) 2 yearsnoncriminal court records.
(B) 5 yearsCriminal court records.
(3) For the Supreme Court
(A) 5 yearsAll cases disposed of by order not otherwise provided for in this rule.
(B) 10 yearsCases disposed of by order involving individuals licensed or regulated by the court and noncriminal court records involving the unauthorized practice of law.
(e) Records to be retained permanently. The following court records shall be permanently recorded or permanently retained:
(1) progress dockets, and other similar records generated to document activity in a case, and
(2) court records of the supreme court in which the case was disposed of by opinion.
(e)(f) Court Reporters' Notes. Court reporters or persons acting as court reporters for judicial or discovery proceedings shall retain the original notes or electronic records of the proceedings or depositions until the times specified below:
(1) Two2 years from the date of preparing the transcriptJudicial proceedings, arbitration hearings, and discovery proceedings when an original transcript has been prepared.
(2) Ten10 yearsJudicial proceedings in felony cases when a transcript has not been prepared.
(3) Five5 yearsAll other judicial proceedings, arbitration hearings, and discovery proceedings when a transcript has not been prepared.
When an agreement has been made between the reporter and any other person and the person has paid the reasonable charges for storage and retention of the notes, the notes or records shall be kept for any longer time agreed on. All reporters' notes shall be retained in a secure place in Florida.
(f)(g) Exhibits.
(1) Exhibits in criminal proceedings shall be disposed of as provided by law.
(2) All other exhibits shall be retained by the clerk until 90 days after a judgment has become final. If an exhibit is not withdrawn pursuant to subdivision (h)(i) *901 within 90 days, the clerk may destroy or dispose of the exhibits after giving the parties or their attorneys of record 30 days' notice of the clerk's intention to do so. Exhibits shall be delivered to any party or attorney of record calling for them during the 30-day time period.
(g)(h) Disposition Other Than Destruction. Before destruction or disposition of court records under this rule, any person may apply to the court for an order requiring the clerk to deliver to the applicant the court records that are to be destroyed or disposed of to the applicant. All parties and the Division of Library and Information Services of the Department of State shall be given notice of the application by the applicant. The court shall dispose of that court record as appropriate.
(h)(i) Release of Court Records. This rule does not limit the power of the court to release exhibits or other parts of court records that are the property of the person or party initially placing the items in the court records initially. The court may require copies to be substituted as a condition to releasing the court records under this subdivision.
(i)(j) Right to Expunge Records. Nothing in this rule shall affect the power of the court to order records expunged.
(j)(k) Sealed Records. No record which has been sealed from public examination by order of court shall be destroyed without hearing after such notice as the court shall require.

RULE 2.076 RETENTION OF JUDICIAL BRANCH ADMINISTRATIVE RECORDS
(a) Definitions.
(1) "Judicial branch" means the judicial branch of government, which includes the state courts system, the clerk of court when acting as an arm of the court, The Florida Bar, the Florida Board of Bar Examiners, the Judicial Qualifications Commission, and all other entities established by or operating under the authority of the supreme court or the chief justice.
(2) "Records of the judicial branch" means all records, regardless of physical form, characteristics, or means of transmission, made or received in connection with the transaction of official business by any judicial branch entity and consists of:
(A) "court records," which means the contents of the court file, including the progress docket and other similar records generated to document activity in a case, transcripts filed with the clerk, documentary exhibits in the custody of the clerk, and electronic records, videotapes, or stenographic tapes of depositions or other proceedings filed with the clerk, and electronic records, videotapes, or stenographic tapes of court proceedings; and
(B) "administrative records," which means all other records made or received pursuant to court rule, law, or ordinance, or in connection with the transaction of official business by any judicial branch entity.
(b) Retention requirements. Administrative records in the judicial branch shall be retained in accordance with the Judicial Branch Records Retention Schedule approved by the supreme court.

2002 Commentary
This rule does not apply to court records and files that are governed by rule 2.075. This rule applies to administrative records.
To provide a consistent schedule for retention of administrative records in the judicial branch, the Supreme Court Workgroup on Public Records recommended that the Court adopt the Judicial Branch Records Retention Schedule. This schedule *902 uses the legislatively authorized Department of State retention schedules, as appropriate, and includes a schedule for other records that are unique to the judicial branch.

State of Florida

JUDICIAL BRANCH RECORDS RETENTION SCHEDULE FOR ADMINISTRATIVE RECORDS

GENERAL APPLICATION
This record retention schedule does not impose a duty to create records contained in the schedule. The purpose of the schedule is to authorize destruction of records after the retention period has elapsed. The records custodian may retain records longer than required by the schedule. This schedule authorizes destruction of records unless otherwise provided by court rule.
The retention period should be calculated from the time that the record is completed. For purposes of calculating the retention period, fiscal records should be considered completed at the end of a fiscal year. All retention periods are subject to the caveat "provided that applicable audits have been released."
The records custodian of the judicial branch entity that creates a record creates the "record copy" and is responsible for its retention in accordance with this schedule. The records custodian of the judicial branch entity that properly receives a record from outside the judicial branch has the "record copy" and is responsible for its retention in accordance with this schedule. Duplicates are only required to be retained until obsolete, superseded or administrative value is lost.
"Record Series" means a group of related documents arranged under a single filing arrangement or kept together as a unit because they consist of the same form, relate to the same subject, result from the same activity, or have certain common characteristics.

ACCOUNTS PAYABLE/RECEIVABLE RECORDS: SUMMARY
This record series consists of documentation of receipts and disbursements in summary. Records include the vendor name, vendor invoice and number, date of invoice, warrant number, date of warrant and the amount of the warrant. See also "ACCOUNTS PAYABLE: SUPPORTING DOCUMENTS" and "ACCOUNTS RECEIVABLE: SUPPORTING DOCUMENTS."
RETENTION: 10 years.

ACCOUNTS PAYABLE: SUPPORTING DOCUMENTS
This record series consists of documentation of receipts and disbursements and the individual items leading to the summary information. Records include the vendor name, vendor invoice and number, date of invoice, warrant number, date of warrant and the amount of the warrant. See also "ACCOUNTS PAYABLE / RECEIVABLE RECORDS: SUMMARY."
RETENTION: 3 years.

ACCOUNTS RECEIVABLE: SUPPORTING DOCUMENTS
This record series consists of documentation of receipts and the individual items leading to the summary information. Records include the amount received, the account credited, the payee, the service rendered or tax paid, the check and receipt number, and the date of payment. See also "ACCOUNTS PAYABLE / RECEIVABLE RECORDS: SUMMARY" and "ACCOUNTS PAYABLE: SUPPORTING DOCUMENTS."
RETENTION: 4 years.

*903 ACQUISITION RECORDS: LIBRARY
This record series consists of information on the acquisition of library materials including: books, periodicals, filmstrips, software, compact discs, video/audio tapes, and other non-print media. This information may include the accession date and method, the publisher and cost, the date entered into the collection, dates removed from collection, and method of final disposal.
RETENTION: Retain for life of material.

ADMINISTRATIVE CONVENIENCE RECORDS
This record series consists of a subject file, generally filed alphabetically, which is located away from the official files, such as in the Director's and other supervisory offices. The file contains DUPLICATES of correspondence, reports, publications, memoranda, etc., and is used as a working file or reference file on subjects which are currently significant or which may become significant in the near future. The material filed in this series is NOT the official file or record copy but is maintained for the convenience of the officials in carrying out their elected or appointed duties.
RETENTION: Retain until obsolete, superseded or administrative value is lost.

ADMINISTRATIVE SUPPORT RECORDS
This record series consists of records accumulated relative to internal administrative activities rather than the functions for which the office exists. Normally, these records document procedures; the expenditure of funds, including budget material; day-to-day management of office personnel including training and travel; supplies, office services and equipment requests and receipts and other recorded experiences that do not serve as official documentation of the programs of the office. However, because the content of these records vary so greatly in content and value (containing some duplicates and record copies), a relatively large proportion of them are of continuing value and may be subject to the audit process. Note: Reference a more applicable records series first if one exists. "These records may have archival value."
RETENTION: 2 years.

ADMINISTRATIVE RECORDS: PUBLIC OFFICIALS/ COURT ADMINISTRATORS
This record series consists of office files documenting the substantive actions of elected or appointed officials and the court administrator. These records constitute the official record of a judicial branch entity's performance of its functions and formulation of policy and program initiative. This series will include various types of records such as correspondence; memoranda; statements prepared for delivery at meetings, conventions or other public functions that are designed to advertise and promote programs, activities and policies of the judicial branch entity; interviews; and reports concerning development and implementation of activities of the judicial branch entity. "These records may have archival value." RETENTION: 10 years.

ADVERTISEMENTS: LEGAL
This record series consists of advertisements which have appeared in newspapers or in the "Administrative Weekly" on matters pertaining to the judicial branch entity and other legal ads which may or may not indirectly affect the judicial branch entity; i.e., bid invitations for construction jobs, public hearings or notices, public sales. See also "BID RECORDS: CAPITAL IMPROVEMENT SUCCESSFUL BID", "BID RECORDS: CAPITAL IMPROVEMENT *904 UNSUCCESSFUL BIDS" and "BID RECORDS: NON CAPITAL IMPROVEMENT."
RETENTION: 5 years.

AFFIRMATIVE ACTION RECORDS
This record series consists of copies of reports submitted to the Equal Employment Opportunity Commission (EEOC) per their requirements for the judicial branch entity's affirmative action plan. It may also include discrimination complaints, correspondence and investigative papers pertaining to the judicial branch entity's affirmative action plan. See also "EQUAL EMPLOYMENT OPPORTUNITY COMPLIANCE RECORDS."
RETENTION: 2 years.

AGREEMENTS: CAPITAL IMPROVEMENT
This record series consists of legal documents, correspondence, reports, etc., relating to negotiation, fulfillment and termination of capital improvement agreements to which the judicial branch entity is a party. "Capital improvements" shall mean enhancement to buildings, fixtures and all other improvements to land. In addition, it includes agreements with architects, engineers, builders, and construction companies. See also "AGREEMENTS: NON-CAPITAL IMPROVEMENT," "CONTRACTS: CAPITAL IMPROVEMENT," "CONTRACTS: NON-CAPITAL IMPROVEMENT," "LEASES: CAPITAL IMPROVEMENT," "LEASES: NON-CAPITAL IMPROVEMENT" and "LEASES: REAL PROPERTY." RETENTION: 15 years after completion or termination of contract.

AGREEMENTS: NON-CAPITAL IMPROVEMENT
This record series consists of legal documents, correspondence, reports, etc., relating to negotiation, fulfillment and termination of non-capital improvement agreements to which the judicial branch entity is a party. In addition, it includes the various agreements entered into for goods and services and includes the purchase of gas, fuel oil and annual purchases of inventory maintained items. See also "AGREEMENTS: CAPITAL IMPROVEMENT," "CONTRACTS: CAPITAL IMPROVEMENT," "CONTRACTS: NON-CAPITAL IMPROVEMENT," "LEASES: CAPITAL IMPROVEMENT," "LEASES: NON-CAPITAL IMPROVEMENT" and "LEASES: REAL PROPERTY."
RETENTION: 5 years after completion or termination of contract.

APPLICATIONS: GUARDIAN AD LITEM, MEDIATION, OTHERS
This record series consists of applications, supporting documents, correspondence and reports relating to the application of a person to be certified as a mediator, a program to be approved to offer training for mediators, a volunteer to be approved by the Guardian ad Litem Program, or other persons or programs regulated in the judicial branch.
RETENTION: 5 years after the person or program is no longer regulated by the judicial branch.

APPLICATIONS: LIBRARY CARDS
This record series consists of library card applications which must be renewed on an annual, bi-annual, or other basis. The application may include the patron's name, address, telephone number, date of birth, as well as a statement of liability for the care and timely return of all materials checked out or utilized by the patron.
RETENTION: Retain for 30 days after expiration.

*905 APPRAISALS: LAND PURCHASES (NOT PURCHASED)
This record series consists of documents pertaining to land not purchased by a judicial branch entity and all supporting documents. See also "APPRAISALS: LAND PURCHASES (PURCHASED)."
RETENTION: 3 years.

APPRAISALS: LAND PURCHASES (PURCHASED)
This record series consists of documents pertaining to land purchased by a judicial branch entity and all supporting documents. See also "APPRAISALS: LAND PURCHASES (NOT PURCHASED)."
RETENTION: Retain as long as judicial branch entity retains property.

ARCHITECTURAL PLANS/SPECIFICATIONS: PRELIMINARY DRAWINGS
This record series consists of those graphic and engineering preliminary drawing records that depict conceptual as well as precise measured information essential for the planning and construction of facilities.
RETENTION: Retain until completion and acceptance.

ATTENDANCE AND LEAVE RECORDS
This record series consists of requests or applications for vacation, sick, family medical leave (FMLA) and other types of leave including leave of absences, timesheets or timecards along with any required documentation (medical statements or excuses from a physician, jury duty summons, or military orders, etc.) submitted by an employee to document authorized absences.
RETENTION. 3 years.

AUDITS: INDEPENDENT
This record series consists of a report issued by an independent auditor to establish the position of the judicial branch entity being audited against its standard of performance. See also, "AUDITS: INTERNAL," "AUDITS: STATE/FEDERAL" and "AUDITS: SUPPORTING DOCUMENTS."
RETENTION: 10 years.

AUDITS: INTERNAL
This record series consists of a report issued by an internal auditor to establish the position of a judicial branch entity being audited against its standard of performance. See also, "AUDITS: INDEPENDENT," "AUDITS: STATE/FEDERAL" and "AUDITS: SUPPORTING DOCUMENTS."
RETENTION: 3 years

AUDITS: STATE/FEDERAL
This record series consists of a report issued by a federal or state auditor to establish the position of a judicial branch entity being audited against its standard of performance. See also, "AUDITS: INDEPENDENT," "AUDITS: INTERNAL" and "AUDITS: SUPPORTING DOCUMENTS." "These records may have archival value." RETENTION: 10 years.

AUDITS: SUPPORTING DOCUMENTS
This record series consists of the documentation and supporting documents used to develop the audit report with all bills, accounts, records and transactions. See also "AUDITS: INDEPENDENT," "AUDITS: INTERNAL" and "AUDITS: STATE/FEDERAL."
RETENTION: 3 years.

BACKGROUND/Security Checks
This record series consists of background/security checks for potential new hires and promotions. These checks may include a background and driver's license screening, reference check, and verification of academic standing. The files might *906 include notices of not being hired based on the outcome of a security check and a opportunity for rebuttal. Supporting documentation consists of fingerprint cards, copy of the driver's license, copy of the transcript release form, returned form reference letters, and other necessary information.
RETENTION: 2 years.

BAD CHECK RECORDS
This record series consists of an itemization of bad checks received. See also "CHECKS: CANCELED," "CHECKS: STUBS," "CHECKS: LOG" and "CHECKS: REGISTERS."
RETENTION: 3 years.

BALANCE SHEETS
This record series consists of balance sheets that contain information as to what money was collected for, the amount collected, and the date.
RETENTION: 3 years.

BANK ACCOUNT AUTHORIZATION RECORDS
This record series consists of an authorization to maintain a bank account and who is authorized to sign off on the account.
RETENTION: 1 year after superseded by new authorization.

BANK STATEMENTS: RECONCILIATION
This record series consists of monthly statements of bank accounts to show debits, credits and cash balance in the account.
RETENTION: 3 years.

BAR APPLICANTS: ADMITTED
This record series consists of bar applications, supporting documents, all investigative materials, of administrative value, correspondence, reports, and similar materials accumulated during the bar admissions process regarding bar applicants who were subsequently admitted to The Florida Bar.
RETENTION: Bar application and fingerprint card, 5 years.
All other materials, 1 year.

BAR APPLICANTS: NOT ADMITTED (WITH NO RECOMMENDATION)
This record series consists of bar applications, supporting documents, all investigative materials of administrative value, correspondence, reports, and similar materials accumulated during the bar admissions process regarding bar applicants who have not been admitted to The Florida Bar and who have not received an unfavorable recommendation by the Florida Board of Bar Examiners.
RETENTION: 20 years or the death of the applicant, whichever is earlier.

BAR APPLICANTS: NOT ADMITTED (WITH UNFAVORABLE RECOMMENDATION)
This record series consists of bar applications, supporting documents, all investigative materials of administrative value, correspondence, reports, and similar materials accumulated during the bar admissions process regarding bar applicants who have not been admitted to The Florida Bar and who have received an unfavorable recommendation by the Florida Board of Bar Examiners by either a negotiated consent judgment or the issuance of findings of fact and conclusions of law.
RETENTION: 40 years or the death of the applicant, whichever is earlier.

BAR EXAMINATION/ANSWERS
This record series consists of answers to essay questions and answer sheets to machine-scored questions submitted by bar applicants during the bar examination administered *907 by the Florida Board of Bar Examiners.
RETENTION: Until the conclusion of the administration of the next successive general bar examination.

BAR EXAMINATION/FLORIDA PREPARED PORTION
This record series consists of the portion of the bar examination prepared by the Florida Board of Bar Examiners.
RETENTION: 10 years from the date of the administration of the examination.

BID RECORDS: CAPITAL IMPROVEMENT SUCCESSFUL BIDS
This record series consists of information relative to the processing and letting of capital improvement successful bids including legal advertisements, "Requests for Proposal," technical specifications, correspondence, "Invitations to Bid," bid tabulations and bid responses. "Capital Improvements" shall mean enhancement to buildings, fixtures and all other improvements to land. See also "BID RECORDS: CAPITAL IMPROVEMENT UNSUCCESSFUL BIDS" and "BID RECORDS: NON-CAPITAL IMPROVEMENT."
RETENTION: 15 years.

BID RECORDS: CAPITAL IMPROVEMENT UNSUCCESSFUL BIDS
This record series consists of information relative to the processing and letting of capital improvement unsuccessful bids including legal advertisements, "Requests for Proposal," technical specifications, correspondence, "Invitations to Bid," bid tabulations and bid responses. "Capital Improvements" shall mean enhancement to buildings, fixtures and all other improvements to land. See also "BID RECORDS: CAPITAL IMPROVEMENT SUCCESSFUL BIDS" and "BID RECORDS: NON-CAPITAL IMPROVEMENT."
RETENTION: 5 years.

BID RECORDS: NON-CAPITAL IMPROVEMENT
This record series consists of information relative to the processing and letting of successful and unsuccessful non-capital improvement bids including legal advertisements, "Requests for Proposal," technical specifications, correspondence, "Invitations to Bid," bid tabulations and bid responses. See also "BID RECORDS: CAPITAL IMPROVEMENT SUCCESSFUL BIDS" and "BID RECORDS: CAPITAL IMPROVEMENT UNSUCCESSFUL BIDS." RETENTION: 5 years.

BIOGRAPHICAL FILES
This record series consists of vitas, biographies, photographs and newspaper clippings of employees. RETENTION: Retain until obsolete, superseded or administrative value is lost.

BUDGET RECORDS: APPROVED ANNUAL BUDGET
This record series consists of the approved annual budget and its amendments. See also "BUDGET RECORDS: SUPPORTING DOCUMENTS," "These records may have archival value."
RETENTION: Permanent.

BUDGET RECORDS: SUPPORTING DOCUMENTS
This record series consists of any supporting documentation supporting budget matters and is filed chronologically. See also "BUDGET RECORDS: APPROVED ANNUAL BUDGET."
RETENTION: 3 years.

BUILDING PLANS
This record series consists of graphic and engineering records that depict conceptual as well as precise measured information essential for the planning and construction of buildings. See also "ARCHITECTURAL *908 PLANS / SPECIFICATIONS: PRELIMINARY DRAWINGS."
RETENTION: Retain for life of structure.

CALENDARS
This record series consists of a calendar showing official daily appointments and meetings.
RETENTION: 1 year.

CASH COLLECTION RECORDS
This record series consists of, but is not limited to, daily cash listings, copies of receipts, daily cash register tapes, cash collection and deposit slips used to balance for cash deposits. See also "DEPOSIT/WITHDRAWAL/ TRANSFER SLIPS" and "RECEIVING REPORTS."
RETENTION: 3 years.

CASH REGISTER TAPES
This record series consists of output media generated by an electronic cash register or electronic device. It includes tapes of daily cash or check transactions and may include refunds or rebates.
RETENTION: 2 years.

CERTIFICATION FORWARD DOCUMENTS
This record series consists of lists of encumbrances to be applied against certified forward money which is money brought forward from the previous fiscal year for goods and services which were not received until the current fiscal year. See also "ENCUMBRANCE RECORDS."
RETENTION: 3 years.

CHECKS: CANCELED
This record series consists of canceled checks issued for authorized payments or refunds. This may include the electronic transfer of funds. See also "BAD CHECK RECORDS."
RETENTION: 5 years.

CHECKS: LOG
This record series consists of a listing of checks either received or dispersed. See also "BAD CHECK RECORDS."
RETENTION: 3 years.

CHECKS: REGISTERS
This record series consists of a register of all checks issued which includes check number, date, amount, individual or vendor, and purpose. See also "BAD CHECK RECORDS."
RETENTION: 3 years.

CHECKS: STUBS
This record series consists of check stubs for all checks written against the accounts administered by the judicial branch entity. The stubs contain information relating to the amount of the check, to whom the check was issued, the purpose of the check, the date and the check number. See also "BAD CHECK RECORDS."
RETENTION: 3 years.

CHILD SUPPORT/ALIMONY: ACCOUNTS PAYABLE/RECEIVABLE RECORDS: SUPPORTING

DOCUMENTS
This record series includes but is not limited to documentation of receipts and disbursements and the individual items leading to the summary information. Records may include the vendor name, vendor
invoice and number, date of invoice, warrant number, date of warrant and the amount of the warrant. Series may also include coupon books and outstanding receipt reports.
RETENTION: 4 years.

CHILD SUPPORT/ALIMONY: BANK STATEMENTS: RECONCILIATION
*909 This record series consists of monthly statements of bank accounts to show debits, credits and cash balance in the account.
RETENTION: 4 years.

CHILD SUPPORT/ALIMONY: CASH RECEIPT/REPORT RECORDS
This record series consists of a copy of each receipt written for cash which is numbered sequentially and used to balance for cash deposits. Series also includes all receipt books that record child support/alimony revenue.
RETENTION: 4 years.

CHILD SUPPORT/ALIMONY: CHECKS: REGISTERS
This record series consists of a register of all checks issued which includes check number, date, amount, individual or vendor, and purpose.
RETENTION: 4 years.

CHILD SUPPORT/ALIMONY: CHECKS: STUBS
This record series consists of check stubs for all checks written against the accounts. The stubs contain information relating to the amount of the check, to whom the check was issued, the purpose of the check, the date and the check number. Also contained on the stub is the remaining balance after the check is written and the amount of the deposits when made.
RETENTION: 4 years.

CHILD SUPPORT/ALIMONY: DEPOSIT SLIPS
This record series consists of child support/alimony deposit receipts and the bank validated deposit slips showing the source of the money, amount and date of deposit.
RETENTION: 4 years.

CHILD SUPPORT/ALIMONY: DEPOSITORY LEDGER REPORTS
This record series consists of depository ledger reports filed with Clerk of Court.
RETENTION: 4 years.

CHILD SUPPORT/ALIMONY: JOURNALS
This record series consists of summaries of all financial child support/alimony transactions.
RETENTION: 4 years.

COMPLAINTS: CITIZENS/CONSUMERS/EMPLOYEES
This record series consists of individual complaints received from citizens, consumers or employees. This file may include the name, address, date of complaint, telephone number, the complaint to whom referred and date, action taken and signature of person taking the action.
RETENTION: 1 year.

CONTINUING EDUCATION RECORDS
This record series consists of continuing education records, including records of judicial education.
RETENTION: 2 years.

CONTRACTS: CAPITAL IMPROVEMENT
This record series consists of legal documents, correspondence, reports, etc., relating to negotiation, fulfillment and termination of capital improvement contracts to which the judicial branch entity is a party. "Capital Improvements" shall mean enhancement to buildings, fixtures and all other improvements to land. In addition, it includes contracts with architects, engineers, builders, and construction companies. See also "AGREEMENTS: CAPITAL IMPROVEMENT," "AGREEMENTS: NON-CAPITAL IMPROVEMENT," "CONTRACTS: NON CAPITAL IMPROVEMENT," "LEASES: CAPITAL IMPROVEMENT," "LEASES: NON-CAPITAL IMPROVEMENT" and *910 "LEASES: REAL PROPERTY." RETENTION: 15 years after completion or termination of contract.

CONTRACTS: NON-CAPITAL IMPROVEMENT
This record series consists of legal documents, correspondence, reports, etc., relating to negotiation, fulfillment and termination of non-capital improvement contracts to which the judicial branch entity is a party. In addition, it includes the various contracts entered into for goods and services and includes the purchase of gas, fuel oil and annual purchases of inventory maintained items. See also "AGREEMENTS: CAPITAL IMPROVEMENT," "AGREEMENTS: NON-CAPITAL IMPROVEMENT," "CONTRACTS: CAPITAL IMPROVEMENT," "LEASES: CAPITAL IMPROVEMENT," "LEASES: NON-CAPITAL IMPROVEMENT" and "LEASES: REAL PROPERTY."
RETENTION: 5 years after completion or termination of contract.

CORRESPONDENCE & MEMORANDA: ADMINISTRATIVE
This record series consists of routine correspondence and memoranda of a general nature that is associated with administrative practices but that does not create policy or procedure, document the business of a particular program, or act as a receipt. See also "INFORMATION REQUEST RECORDS." "These records may have archival value."
RETENTION: 3 years.

CORRESPONDENCE & MEMORANDA: PROGRAM AND POLICY DEVELOPMENT
This record series consists of correspondence and memoranda of any nature that is associated with a specific program or the development of policy and procedure. "These records may have archival value."
RETENTION: 5 years.

COURT REGISTRY
This record series consists of records, ledgers and journals showing amounts paid into the Court Registry, held by the Court, and paid out by the Court.
RETENTION: Permanent

COURT REPORTS
This record series consists of court reports, including SRS, jury management, witness management, uniform case reporting system records, and other statistical court reports.
RETENTION: 3 years.

DEEDS: PROPERTY
This record series consists of property deeds. Series may include appraisals, surveys, and other supporting documents.
RETENTION: Retain as long as property is retained.

DEPOSIT/WITHDRAWAL/TRANSFER SLIPS
This record series consists of deposit/withdrawal/ or transfer receipts and the bank validated slips showing the source of the money, amount and date of deposit/withdrawal/ or transfer. See also "CASH COLLECTION RECORDS."
RETENTION: 3 years.

DIRECTIVES/POLICIES/PROCEDURES
This record series consists of the official management statements of policy for the organization, supporting documents, and the operating procedures which outline the methods for accomplishing the functions and activities assigned to the judicial branch entity. It includes all memoranda and correspondence generated relating to *911 the policies and procedures which are to be followed by employees. See also "CORRESPONDENCE & MEMORANDA: PROGRAM AND POLICY DEVELOPMENT." "These records may have archival value."
RETENTION: 2 years.

DISASTER PREPAREDNESS DRILLS
This record series consists of the results of disaster preparedness exercises and the supporting documents including scenarios, location of safety related drills, time tables, response times, probable outcomes, areas of difficulties, descriptions of how difficulties were resolved, and areas for improvement. Types of drills include: fire, tornado, safety, hurricane and SARA chemical spills. See also "DIRECTIVES/POLICIES/PROCEDURES" and "DISASTER PREPAREDNESS PLANS."
RETENTION: 3 years.

DISASTER PREPAREDNESS PLANS
This record series consists of disaster preparedness and recovery plans adopted by a judicial branch entity. See also "DIRECTIVE/POLICIES/PROCEDURES."
RETENTION: Retain until obsolete, superseded or administrative value is lost.

DISCIPLINARY CASE FILES
This record series consists of both sustained formal or informal disciplinary cases investigated that allege employee misconduct or violations of department regulations and orders, and state/federal statutes. It includes statements by the employee, witnesses, and the person filing the complaint. "Formal discipline" is defined as disciplinary action involving demotion, removal from office, suspension, or other similar action. "Informal discipline" is defined as any disciplinary action involving written and verbal reprimands, memoranda, or other similar action. This record series also can consist of formal and informal disciplinary cases that were determined as not sustained, unfounded, or exonerated charges. See also "PERSONEL RECORDS".
RETENTION: 5 years.

DRAFTS AND WORKING PAPERS
This record series consists of documents, correspondence, reports, memos, and other materials in preliminary or developmental form before their iteration as a final product. Drafts may include copies of materials circulated for review for grammar, spelling, and content. Working papers may include notes and miscellaneous documents and materials used in compiling and assembling the final product. Note that some draft documents and working papers may have long-term value; such documents may even have archival or historical value. Such records might be better placed under the record series "Administrator Records: Public Officials/Court Administrators."
RETENTION: Retain until obsolete, superseded or administrative value is lost.

DRUG TEST RECORDS
This record series consists of the positive or negative results of a drug test under the Drug Free Workplace Act or as required for CDL or other drivers under U.S. DOT regulations as well as records related to canceled tests. This series might include documents generated in decisions to administer reasonable suspicion or post-accident testing, or in verifying the existence of a medical explanation of the inability of the driver to provide adequate breath or to provide a urine specimen for testing. In addition, the case file could include: the employer's copy of an alcohol test form, including the results of the test; a copy of the controlled substances test chain of custody control form; documents *912 sent by the Medical Review Officer (MRO) to the employer; notice to report for testing; affidavit signed by the employee stating any prescription drugs or over the counter medication currently taken; and final clearance to resume working. This record series can also consist of documentation, including memorandum and correspondence, related to an employee's refusal to take or submit samples for an alcohol and/or controlled substances test(s).
RETENTION: 5 years.

ELECTRONIC FUNDS TRANSFER RECORDS
This record series consists of documentation necessary to establish and maintain the electronic transfer of funds from one financial institution to another. The documentation may include, but is not limited to: an agreement between the two parties; a form which lists both institutions' names, their routing numbers, the name of the account holder, and the account's authorizing signature; a canceled deposit slip or check; and the paperwork for the termination of service or transfer of service to a new institution. This series does not include the paperwork on a specific individual deposit or payment.
RETENTION: 3 years.

ELECTRONIC RECORDS SOFTWARE
This record series consists of proprietary and non-proprietary software as well as related documentation that provides information about the content, structure and technical specifications of computer systems necessary for retrieving information retained in machine-readable format. These records may be necessary to an audit process.
RETENTION: Retain as long as there are software dependent records.

EMPLOYEE PRE-COUNSELING RECORDS
This record series consists of material and supporting documentation which provide documentation of initial contact with an employee regarding incidents which may or may not lead to disciplinary action. This series is not considered in and of itself a part of the employee discipline record.
RETENTION: 1 year.

EMPLOYMENT EXAMINATION RECORDS
This record series consists of test plans, announcements, grades, grading scales, keyed exams, test monitor's list of candidates, any research toward the development of the tests, and any other selection or screening criteria. See "PERSONNEL RECORDS" and "RECRUITMENT & SELECTION PACKAGES."
RETENTION: 2 years.

ENCUMBRANCE RECORDS
This record series consists of documents and reports which document funds that have been encumbered. See also "CERTIFICATION FORWARD DOCUMENTS."
RETENTION: 3 years.

ENDOWMENTS, BEQUESTS AND TRUST FUND RECORDS
This record series consists of creating, establishing or contributing to endowments, bequests and trust fund records. "These records may have archival value."
RETENTION: Permanent.

ENVIRONMENTAL REGULATION RECORDS
This record series consists of permits, reviews, supporting documents and correspondence resulting from environmental regulation requirements.
RETENTION: 5 years.

*913 EQUAL EMPLOYMENT OPPORTUNITY COMPLIANCE RECORDS
This record series consists of EEO-5 and supporting documents, reviews, background papers and correspondence relating to employment papers and correspondence relating to employment statistics (race, sex, age, etc.). See also "AFFIRMATIVE ACTION RECORDS."
RETENTION: 3 years.

EQUIPMENT USAGE RECORDS
This record series consists of hours worked, equipment cost per hour, materials, etc., used for cost figures. See also "MAINTENANCE RECORDS: EQUIPMENT" and "MAINTENANCE RECORDS: VEHICLE."
RETENTION: 3 years.

EXPENDITURE PLANS: CAPITAL
This record series consists of capital improvement expenditure plans.
RETENTION: Permanent.

EXPENDITURE REPORTS
This record series consists of documentation showing in summary fashion how funds of a judicial branch entity, appropriated and non-appropriated, are dispersed. See also "VOUCHERS."
RETENTION: 3 years.

FACILITY RESERVATION/Rental records
This record series consists of forms generated in the process of renting or scheduling a public meeting hall or room, conference site, to a citizen or family, private organization, or other public agency. These forms include, but are not limited to, name of renter, renter's address and telephone number, method of payment, acknowledgment of rules, liability, damage waivers, and the date and time of the rental as well as what facility or portion of a facility is to be reserved. These forms may contain a check number, corresponding receipt number, an amount as well as deposit information. There may also be a floor plan denoting the desired arrangement of tables or chairs as requested by the renter.
RETENTION: 3 years.

FEASIBILITY STUDY RECORDS
This record series consists of working papers, correspondence, consulting firm reports and management committee reports investigating various projects of the judicial branch entity.
RETENTION: 3 years.

FEDERAL AND STATE TAX FORMS/REPORTS
This record series consists of W-2 Forms, W-4 Forms, W-9 Forms, 940 Forms, 941-E Forms, 1099 Forms, 1099 Reports and UTC-6 Forms. The retention period mentioned below for the record (master) copy was established pursuant to Section 26 CFR 31.6001-1(2).
RETENTION: 4 calendar years.

FUEL REPORTS
This record series consists of reports consisting of totals of gasoline, diesel and oil used. See also "MAINTENANCE RECORDS: VEHICLE" and "VEHICLE RECORDS."
RETENTION: 3 years.

GENERAL LEDGERS: ANNUAL SUMMARY
This record series consists of ledgers containing accounts to which debits and credits are posted from supporting documents of original entry. It includes all permanent ledger entries.
RETENTION: Permanent.

GENERAL LEDGERS: SUPPORTING DOCUMENTS
*914 This record series consists of supporting documents for ledgers containing accounts to which debits and credits are posted from supporting documents of original entry. Supporting documents may include copies of vouchers, invoices, requisitions, purchase orders, contracts, and other information. See also "JOURNAL TRANSACTIONS: (DAILY)", "JOURNAL TRANSACTIONS (MONTHLY SUMMARY)", and "GENERAL LEDGERS: ANNUAL SUMMARY".
RETENTION: 3 years.

GRAND JURY NOTES
This record series consists of stenographic records, notes, and transcriptions made by the court reporter or stenographer during the grand jury session. These records are normally kept in a sealed container and are not subject to public inspection pursuant to Section 905.17(1), Florida Statutes. A Court order must be obtained for disposition.
RETENTION: 10 years from closing of session.

GRAND JURY RECORDS
This record series consists of jury summons, requests for recusal, juror payments, information to jurors' employers,' lists of jurors, juror questionnaires, and other records related to a grand jury. This record series includes records related to a grand jury and the state-wide grand jury.
RETENTION: 2 years.

GRANT FILES: GRANTOR
This record series consists of financial, management and any other related material which is generated subsequent to application for or expenditure of grant funds to an entity by a judicial branch entity. These files include all funded applications, supporting documentation, contracts, agreements, and routine reports submitted by the grant recipient. Project completion has not occurred until all reporting requirements are satisfied and final payments have been received. See also "GRANT FILES: RECIPIENT", "PROJECT FILES: FEDERAL", and "PROJECT FILES: NON-CAPITAL". "These records may have archival value."
RETENTION: 5 years after completion of project.

GRANT FILES: RECIPIENT
This record series consists of financial, management and any other related material which is generated subsequent to application for or expenditure of grant funds. Check with applicable granting agency for any additional requirements. Project completion has not occurred until all reporting requirements are satisfied and final payments have been received. See also "GRANT FILES: GRANTOR", "PROJECT FILES: FEDERAL", and "PROJECT FILES: NON-CAPITAL IMPROVEMENT".
RETENTION: 5 years after completion of project.

GRIEVANCE FILES (EMPLOYMENT)
This record series consists of records of all proceedings in the settlement of disputes between employer and employee. See also "PERSONNEL RECORDS."
RETENTION: 3 years.

HEALTH RECORDS: BLOOD BORNE PATHOGEN/ASBESTOS/EXPOSURE
This record series consists of medical records of employees who may have or did come into contact with blood or other potentially hazardous materials. These confidential records include the employee's name, social security number, hepatitis B vaccination status including the dates of testing, results of examinations, medical *915 testing, and follow up procedures, a copy of the healthcare professional's written opinion, a list of complaints which may be related to the exposure, and a copy of information provided to the healthcare professional. This record series can also consist of documents which record the exposure or possible exposure of an employee to a blood borne pathogen, contagion, radiation and chemicals above the acceptable limits or dosage. These documents may include statistical analyses, incident reports, material safety data sheets, copies of medical records or reports, risk management assessments, and other necessary data to support the possibility of exposure. Please refer to 20 CFR 1910.1030.
RETENTION: 30 years after termination, retirement, or separation from employment.

INCIDENT REPORTS
This record series consists of reports of incidents which occur at a public facility or on publicly owned property. It may include alarm malfunctions, suspicious persons, maintenance problems, or any other circumstance that should be noted for future reference or follow up.
RETENTION: 4 years.

INFORMATION REQUEST RECORDS
This record series consists of correspondence accumulated in answering inquiries from the public. See also "CORRESPONDENCE & MEMORANDA: ADMINISTRATIVE."
RETENTION: 1 year.

INSPECTION RECORDS: FIRE/SECURITY/SAFETY
This record series consists of inspection reports for fire, security, and safety.
RETENTION: 1 year.

INSPECTION REPORTS: FIRE EXTINGUISHER (ANNUAL)
This records series consists of annual fire extinguisher inspection reports.
RETENTION: Retain for life of equipment.

INSURANCE RECORDS
This record series consists of all policies, claim filing information, correspondence and claims applications made by an agency, premium payment records which includes fire, theft, liability, medical, life, etc. on agency's property or employees. The record series also consists of a list of any insurance carriers and the premium payment amounts paid to them.
RETENTION: 5 years after final disposition of claim or expiration of policy.

INVENTORY RECORDS: PHYSICAL
This record series consists of all information regarding the physical inventory of all Operating Capital Outlay (O.C.O.) items which require an identification number and tag. Included in these reports are items sold through the auctions process as well as the Fixed Inventory Report showing all property owned by the judicial branch entity. See also "SUPPLY RECORDS."
RETENTION: 3 years.

INVOICES
This record series consists of vendor invoices for items purchased, received or paid for.
RETENTION: 3 years.

JOURNAL TRANSACTIONS (DAILY)
This record series consists of daily or monthly financial transactions documenting receipts and disbursements in summary and the individual items leading to the summary information. Records includes the vendor name, vendor invoice and number, date of invoice, warrant number, date of warrant and the amount. See *916 also "CASH COLLECTION RECORDS" and "VOUCHERS." RETENTION: 3 years.

JOURNAL TRANSACTIONS: (MONTHLY SUMMARY)
This record series consists of daily or monthly financial transactions documenting receipts and disbursements in summary and the individual items leading to the summary information. Records includes the vendor name, vendor invoice and number, date of invoice, warrant number, date of warrant and the amount. See also "CASH COLLECTION RECORDS," and "VOUCHERS."
RETENTION: 10 years.

JQCJUDICIAL FINANCIAL DISCLOSURE FORMS
This record consists of all financial disclosure forms filed by the judiciary with the Judicial Qualifications Commission.
RETENTION: 10 years.

JQCJUDICIAL COMPLAINTS
This records consists of individual complaints received from citizens, judges, or lawyers against members of the judiciary.
RETENTION: 3 years if complaint summarily dismissed. For the lifetime of the judge against whom the complaint has been filed in all other cases.

JUROR NOTES
Juror notes shall consist of any written notes taken by jurors during civil or criminal trials.
RETENTION: Immediate destruction upon issuance of a verdict or if the trial ends prematurely as a result of a mistrial, plea, or settlement.

JURY RECORDS
This record series consists of jury summons, requests for recusal, juror payments, information to jurors' employers,' lists of jurors, juror questionnaires, and other records related to the jury pool. This record series includes records related to petit juries.
RETENTION: 2 years.

KEY AND BADGE ISSUANCE RECORDS
This record series consists of the key control system which includes receipts for keys and security or identification badges issued by employees. See also "VISITOR LOGS".
RETENTION: Retain as long as employee is employed.

LAW OFFICE MANAGEMENT ASSISTANCE SERVICE RECORDS
This record series consists of all materials in connection with consultations or advice given in the course of office management assistance services provided to an attorney, legal office, or law firm.
RETENTION: Retain until obsolete, superseded or administrative value is lost.

LEASES: CAPITAL IMPROVEMENT
This record series consists of legal documents, correspondence, reports, etc., relating to negotiation, fulfillment and termination of capital improvement leases to which the judicial branch entity is a party. "Capital Improvements" shall mean enhancement to buildings, fixtures and all other improvements to land. In addition, it includes leases with architects, engineers, builders and construction companies. See also "AGREEMENTS: CAPITAL IMPROVEMENT," "AGREEMENTS: NON-CAPITAL IMPROVEMENT," "CONTRACTS: CAPITAL IMPROVEMENT," "CONTRACTS: NON-CAPITAL IMPROVEMENT," "LEASES: NON-CAPITAL IMPROVEMENT" and "LEASES: REAL PROPERTY."
*917 RETENTION: 15 years after completion or termination of contract.

LEASES: NON-CAPITAL IMPROVEMENT
This record series consists of legal documents, correspondence, reports, etc., relating to negotiation, fulfillment and termination of non-capital improvement leases to which the judicial branch entity is a party. In addition, it includes the various leases entered into for goods and services and includes the purchase of gas, fuel oil, annual purchases of inventory maintained items. See also "AGREEMENTS: CAPITAL IMPROVEMENT," "AGREEMENTS: NON-CAPITAL IMPROVEMENT," "CONTRACTS: CAPITAL IMPROVEMENT," "CONTRACTS: NON-CAPITAL IMPROVEMENT," "LEASES: CAPITAL IMPROVEMENT" and "LEASES: REAL PROPERTY."
RETENTION: 5 years after completion or termination of contract.

LEASES: REAL PROPERTY
This record series consists of real property leases to which the judicial branch entity is a party. "Real Property" means land, buildings, and fixtures. The terms "land," "real estate," "realty" and "real property" may be used interchangeably. See also "AGREEMENTS: CAPITAL IMPROVEMENT," "AGREEMENTS: NON-CAPITAL IMPROVEMENT," "CONTRACTS: CAPITAL IMPROVEMENT," "CONTRACTS: NON-CAPITAL IMPROVEMENT," "LEASES: CAPITAL IMPROVEMENT" and "LEASES: NON-CAPITAL IMPROVEMENT."
RETENTION: 15 years after completion or termination of contract.

LEAVE TRANSACTION REPORTS
This record series consists of the printed record generated through COPES of the total hours used and the accrual earned during a pay period. It also consists of the leave balances of vacation, sick and compensatory leave for all employees in the agency.
RETENTION: 3 years.

LEGISLATION RECORDS
This record series consists of proposed legislation for the Florida Legislature and all supporting documentation, analysis or tracking information. "These records may have archival value."
RETENTION: Retain until obsolete, superseded or administrative value is lost.

LIBRARY CIRCULATION RECORDS
This record series consists of the transactions devised to make library materials and equipment available to the entire library clientele. Also, includes delinquent records and charges, copies of incoming and outgoing interlibrary loan requests for books, magazine articles, microfilms, renewals and subject searches.
RETENTION: 3 years.

LITIGATION CASE FILES
This record series consists of legal documents, notes, reports, background material, etc. created in the preparation of handling legal disputes involving a judicial branch entity. See also, "OPINIONS: LEGAL (ATTORNEY)," and "OPINIONS: LEGAL (SUPPORTING DOCUMENTS)."
RETENTION: 5 years after case closed or appeal process expired.

MAIL: UNDELIVERABLE FIRST CLASS
This record series consists of mail from any judicial branch entity, returned due to an incorrect address or postage. See also *918 "MAILING LISTS," and "POSTAGE RECORDS."
RETENTION: 1 year.

MAILING LISTS
This record series consists of mailing lists.
See also "MAIL: UNDELIVERABLE FIRST CLASS," and "POSTAGE RECORDS."
RETENTION: Retain until obsolete, superseded or administrative value is lost.

MAINTENANCE RECORDS: EQUIPMENT
This record series consists of information reflecting individual history of major equipment repair and maintenance, i.e. work orders, dates, locations, cost of parts, etc. Also, this series includes electronic equipment and devices that require program changes and repairs. See also "EQUIPMENT USAGE RECORDS," and "VEHICLE LOGS."
RETENTION: 1 year after disposition of equipment.

MAINTENANCE RECORDS: VEHICLE
This record series consists of mileage, gas, duplicate maintenance records, and expenditure records. A car log reflects activity of autos used by judicial branch entity personnel for daily routine business. See also
"EQUIPMENT USAGE RECORDS," "MAINTENANCE RECORDS: EQUIPMENT," "VEHICLE ACCIDENT REPORTS" and "VEHICLE RECORDS."
RETENTION: 3 years.

MANAGEMENT SURVEYS/STUDIES: INTERNAL
This record series consists of the raw data and work papers for any survey conducted to study management issues such as client/patron/employee satisfaction and service improvement. This data may include survey response cards, the results of telephone polls, tally sheets, opinion cards for suggestion boxes, and other records related to the study of internal operations. This does not include a consultant report. The final computation of the data is produced as a survey report and may be scheduled either as part of a feasibility study, project case file, or an operational/statistical report-depending on the nature and depth of the survey/study.
RETENTION: 1 year after final data or report released.

MATERIALS SAFETY RECORDS
This record series consists of a list of toxic substances to which an employee is, has been or may be exposed to during the course of their employment with an employer who manufacturers, produces, uses, applies or stores toxic substances in the work place.
RETENTION: 30 years.

MEMORANDALEGAL: Court's decision-making
This record series consists of memoranda, drafts or other documents involved in a court's judicial decision-making process.
RETENTION: Retain until obsolete, superseded or administrative value is lost.

MINUTES: OFFICIAL MEETINGS
This record series consists of the minutes of meetings convened to establish policy or precedent and includes meetings of the Board of Governors of The Florida Bar and The Florida Board of Bar Examiners, and court administrative conferences. See also "MINUTES: OTHER MEETINGS" and "MINUTES: OFFICIAL MEETINGS (AUDIO/VISUAL RECORDINGS)." "These records may have archival value."
RETENTION: Permanent.

*919 MINUTES: OFFICIAL MEETINGS (AUDIO/VISUAL RECORDINGS)
This record series consists of official audio and video recordings of meetings. See also, "MINUTES: OTHER MEETINGS." RETENTION: Until minutes are prepared.

MINUTES: OFFICIAL MEETINGS (SUPPORTING DOCUMENTS)
This record series consists of the agenda and supporting documents for official meetings. See also "MINUTES: OTHER MEETINGS" and "MINUTES: OFFICIAL MEETINGS (AUDIO/VISUAL RECORDINGS)."
RETENTION: 3 years.

MINUTES: OTHER MEETINGS
This record series consists of minutes from all meetings which are not included in "MINUTES: OFFICIAL MEETINGS." RETENTION: 1 year.

MONTHLY DISTRIBUTION OF FINES
This record series consists of monthly reports, prepared by the clerk, of all fines imposed under the penal laws of the state and the proceeds of all forfeited bail bonds or recognizance which are paid into the fine and forfeiture fund. The report contains the amount of fines imposed by the court and of bonds forfeited and judgments rendered on said forfeited bonds, and into whose hands they had been paid or placed for collection, the date of conviction in each case, the term of imprisonment, and the name of the officer to whom commitment was delivered.
RETENTION: 3 fiscal years.

NEWS RELEASES
This record series consists of news releases distributed by the judicial branch entity and news releases received from other offices for informational purposes. See also "PUBLIC INFORMATION CASE FILES," and "PRE-PUBLICATIONS AND MEDIA ITEM RECORDS." "These records may have archival value."
RETENTION: 90 days.

OPERATIONAL AND STATISTICAL REPORT RECORDS: OFFICE
This record series consists of daily, weekly, monthly, biannual, and annual narrative and statistical reports of office operations made within and between judicial branch entities. Also included in this series are activity reports demonstrating the productivity of an employee or the work tasks completed for a period of time (hourly/daily/weekly).
RETENTION: Retain until obsolete, superseded or administrative value is lost.

OPINIONS: ETHICS
This record series consists of advisory ethical opinions issued by the appropriate committee in response to an inquiry from a regulated person or entity. "These records may have archival value."
RETENTION: Permanent.

OPINIONS: ETHICS (SUPPORTING DOCUMENTS)
This record series consists of supporting documents relating to advisory ethical opinions.
RETENTION: 3 years.

OPINIONS: LEGAL (ATTORNEY)
This record series consists of written opinions of lasting significance establishing policy or precedent answering legal questions involving questions of interpretation of Florida or federal law. This does not include memoranda, drafts or other documents involved in a court's judicial decision-making process. See also "CORRESPONDENCE & MEMORANDA: PROGRAM AND POLICY DEVELOPMENT", *920 "LITIGATION CASE FILES," "MEMORANDALEGAL" and "OPINIONS: LEGAL (SUPPORTING DOCUMENTS)." "These records may have archival value."
RETENTION: Permanent.

OPINIONS: LEGAL (SUPPORTING DOCUMENTS)
This record series consists of the supporting documentation to the opinions that answer legal questions involving questions of interpretation of Florida or Federal law. See also "LITIGATION CASE FILES," and "OPINIONS: LEGAL (ATTORNEY)." RETENTION: 3 years.

ORDERS: ADMINISTRATIVE
This record series consists of administrative orders as defined in Rule of Judicial Administration 2.020(c).
RETENTION: Permanent.

ORGANIZATION CHARTS
This record series consists of organizational charts that show lines of authority and responsibility within and between judicial branch entities. See also "DIRECTIVES/POLICIES/PROCEDURES."
RETENTION: Retain until obsolete, superseded or administrative value is lost.

OTHERWISE UNCATEGORIZED RECORDS
This record series consists of all records which are not otherwise specified in this schedule.
RETENTION: Retain until obsolete, superseded or administrative value is lost.

PARKING DECAL/PERMIT RECORDS
This record series consists of parking applications for automobile and motor bike decals for employees. See also "VEHICLE RECORDS."
RETENTION: 2 years.

PAYROLL RECORDS
This record series consists of the following: a form used by staff to rectify errors in payroll processing including: wrong name, incorrect deductions or salary, inaccurate tax information, or other problems; forms authorizing direct deductions for insurance, union dues, credit unions, savings bonds, charitable contributions, deferred compensation, day care, etc.; any payroll record posted to the employee's applicable retirement plan, in any format (plus indices, if applicable), which are used to document payment for retirement or other purposes during an employee's duration of employment and also lists each rate(s) of pay changes.
RETENTION: 4 years.

PAYROLL RECORDS: REGISTERS (POSTED)
This record series consists of records posted to the employee's retirement plan, in any format (plus indexes, if applicable), which are used to document payment for retirement or other purposes during an employee's duration of employment and also lists each rate of pay. Please note that the information in this record series should be posted to an applicable retirement plan. See also other "PAYROLL RECORDS," and "SOCIAL SECURITY CONTROLLED SUMMARY RECORDS."
RETENTION: 4 years

PERSONNEL RECORDS
This record series consists of an application for employment, resume, personnel action reports, directly related correspondence, oath of loyalty, fingerprints, medical examination reports, performance evaluation reports, worker's compensation reports, and other related materials. See also "EMPLOYMENT EXAMINATION RECORDS," "DISCIPLINARY CASE FILES," and other "PERSONNEL RECORDS."
*921 RETENTION: 25 years after separation or termination of employment.

PERSONNEL RECORDS: LOCATOR
This record series consists of a log or card of where to locate personnel including name of individual, location to be found, date, address, emergency contact and other general information.
RETENTION: Retain until obsolete, superseded or administrative value is lost.

PERSONNEL RECORDS: OPS/TEMPORARY EMPLOYMENT
This record series consists of all information relating to each O.P.S. or temporary employee within each judicial branch entity. Also, records may include an employment application, resume, personnel action forms and any correspondence relating to that individual. Temporary employment may include personnel from a local employment agency. See also "EMPLOYMENT EXAMINATION RECORDS," "DISCIPLINARY CASE FILES," and other "PERSONNEL RECORDS."
RETENTION: 3 years.

PETTY CASH DOCUMENTATION RECORDS
This record series consists of receipts, bills and monthly balances indicating amount needed for replenishing this revolving account. See also "ACCOUNTS PAYABLE: SUPPORTING DOCUMENTS" and "ACCOUNTS RECEIVABLE: SUPPORTING DOCUMENTS."
RETENTION: 3 years.

POSITION DESCRIPTION RECORDS
This record series consists of specifically assigned duties and responsibilities for a particular position, including percentage breakdown of duties.
RETENTION: 2 years after superseded.

POSTAGE RECORDS
This record series consists of a detailed listing showing the amount of postage used, date, unused balance and purpose. See also "MAILING LISTS," and "MAIL: UNDELIVERABLE FIRST CLASS."
RETENTION: 3 years.

PRE-PUBLICATIONS AND MEDIA ITEM RECORDS
This record series consists of records used to generate publications such as catalogs, pamphlets and leaflets and other media items including rough, blue lined, and final copies. See also "NEWS RELEASES" and "PUBLIC INFORMATION CASE FILES". RETENTION: Retain until receipt of final copy.

PROCLAMATIONS/RESOLUTIONS
This record series consists of an expression of a governing body or public official concerning administrative matters, an expression of a temporary character or a provision for the disposition of a particular item of the administrative business of a governing body or judicial branch entity. See also, "DIRECTIVES/POLICIES/PROCEDURES." "These records may have archival value."
RETENTION: Permanent.

PROCLAMATIONS/RESOLUTIONS: SUPPORTING DOCUMENTS
This record series consists of documents that were used to prepare a proclamation or resolution. See also "PROCLAMATIONS/RESOLUTIONS" and "DIRECTIVES/POLICIES/PROCEDURES."
RETENTION: 3 years.

PROGRAM/SUBJECT/REFERENCE FILES
This record series may contain correspondence, reports, memoranda, studies, articles, etc. regarding topics of interest to or addressed by a judicial branch entity. See also, "ADMINISTRATIVE RECORDS:
*922 PUBLIC OFFICIALS/ COURT ADMINISTRATORS".
RETENTION: Retain until obsolete, superseded, or administrative value is lost.

PROJECT FILES: CAPITAL IMPROVEMENT
This record series consists of correspondence or memoranda, drawings, resolutions, narratives, budget revisions, survey information, change orders, computer runs and reports all pertaining to capital improvement projects, construction and contract specifications for various proposed projects sent out for bid. See also "PROJECT FILES: FEDERAL," "PROJECT FILES: NON CAPITAL IMPROVEMENT," and "VOUCHERS: FEDERAL PROJECTS PAID."
RETENTION: 15 years.

PROJECT FILES: FEDERAL
This record series consists of original approved project contracts, agreements, awards, and line-item budgets, budget amendments, cash requests, correspondence and audit reports. See also "GRANT FILES: RECIPIENT," "PROJECT FILES: CAPITAL IMPROVEMENT," and "VOUCHERS: FEDERAL PROJECT PAID."
RETENTION: 5 years.

PROJECT FILES: NON-CAPITAL IMPROVEMENT
This record series consists of correspondence or memoranda, drawings, resolutions, narratives, budget revisions, survey information, change orders, computer runs and reports all pertaining to projects in progress, construction and contract specifications for various proposed projects sent out for bid. See also "GRANT FILES: RECIPIENT," "PROJECT FILES: CAPITAL IMPROVEMENT," "PROJECT FILES: FEDERAL" and "VOUCHERS: FEDERAL PROJECTS PAID." RETENTION: 5 years.

PROPERTY TRANSFER FORMS
This record series consists of all capital and non-capital property transfer forms to declare surplus or transfer to another unit of local or state government. This series does not include real property transfers.
RETENTION: 1 year.

PUBLIC INFORMATION CASE FILES
This record series consists of speeches and drafts, contact prints, negatives, enlargements from negatives and transparencies created as illustrations in publications or as visual displays of activities of the judicial branch entity. See also "NEWS RELEASES," and "PRE PUBLICATIONS AND MEDIA ITEM RECORDS." "These records may have archival value." RETENTION: 90 days.

PUBLIC PROGRAM/EVENT RECORDS: CONTRACTED
This record series consists of case files of events or programs which are available to the public or segments of the public. Files may include copies of contracts or agreements, participant or performer information, program details and arrangements, photo or video tapes. See also "PUBLIC PROGRAM/EVENT RECORDS: NON CONTRACTED." RETENTION: 5 years.

PUBLIC PROGRAM/EVENT RECORDS: NON CONTRACTED
This record series consists of case files of events or programs which are available to the public or segments of the public. Files may include, copies of contracts or agreements, participant or performer information, program details and arrangements, photo or video tapes. See also "PUBLIC PROGRAM/EVENT RECORDS: CONTRACTED."
RETENTION: 3 years.

*923 PURCHASE ORDER LOGS
This record series consists of a log of outstanding and paid requisitions and purchase orders which is used for cross-reference purposes. See also "PURCHASING RECORDS," "REQUISITION LOGS" and "REQUISITIONS."
RETENTION: 3 years.

PURCHASING RECORDS
This record series consists of a copy of the purchase order which is retained by the originating office while another is sent by the purchasing office to the appropriate vendor for action. See also "REQUISITIONS" and "REQUISITIONS: LOGS."
RETENTION: 3 years.

RECEIPTS: REGISTERED AND CERTIFIED MAIL
This record series consists of receipts for registered and certified mail sent out or received by a particular judicial branch entity. See also "MAIL: UNDELIVERABLE FIRST CLASS," and "POSTAGE RECORDS."
RETENTION: 1 year.

RECEIVING REPORTS
This record series consists of documentation for the receipt of equipment, supplies ordered or services for payment. See also "CASH COLLECTION RECORDS."
RETENTION: 3 years.

RECRUITMENT & SELECTION PACKAGES
This record series consists of all records which document the selection process and justify the selection process and justify the selection decision including: details of the job analysis and identification of the knowledge, skills and abilities necessary to perform the job; application forms and/or resumes for employment including demographic data of applicants including but not limited to race, sex, age and veteran status; list of all applicants' name and ratings or rankings (if applicable) for each selection technique; description of the selection process; selection techniques used, including samples, supplemental applications, etc.; the current position description; the names and titles of all persons administering the selection process or participating in making selection decisions; the job opportunity announcement and any other recruitment efforts; and other information that affects the selection decisions. See also "EMPLOYMENT EXAMINATION RECORDS".
RETENTION: 2 years after personnel action and any litigation is resolved.

REFUND REQUESTS
This record series consists of request for refund and a copy of the Revolving Fund warrant to document payment of the refund. See also "CASH COLLECTION RECORDS."
RETENTION: 4 years.

REQUISITION LOGS
This record series consists of a log of outstanding and paid requisitions and purchase orders which is used for cross-reference purposes. See also "PURCHASE ORDER LOGS," "PURCHASING RECORDS" and "REQUISITIONS."
RETENTION: 3 years.

REQUISITIONS
This record series consists of a copy of the requisition which is retained by the originating office while another copy is sent to supply, purchasing, graphics, duplicating or other sections for action. See also "PURCHASE ORDER LOGS," "PURCHASING RECORDS," and "REQUISITION LOGS."
RETENTION: 3 years.

SALARY COMPARISON REPORTS
*924 This record series consists of a report which is distributed and provided for reference purposes only. This data is compiled from records located in the Personnel Office.
RETENTION: 1 year.

SALARY SCHEDULES
This record series consists of a pay grade comparison chart or log indicating the salary classification for each position.
RETENTION: 10 years.

SEARCH COMMITTEE RECORDS
This record series consists of minutes, reports, vitas, resumes, interview score sheets, interview results, list of priority hires, a personnel requisition, references of applicants and the affirmative action compliance report.
RETENTION: 180 days

SEARCH WARRANTS SERVED: NO ARREST/NO CASE FILED
This record series consists of the original affidavit for search warrant, search warrant and return of the search warrant. Series may also include property inventory and receipt, if any property was obtained. After execution of the warrant it is filed with the Clerk of Court as served with no arrest having been made. Since no court case is generated, these are kept as a separate record series.
RETENTION: 1 year after date of return.

SOCIAL SECURITY CONTROLLED SUMMARY RECORDS
This record series consists of a judicial branch entity's copy of the State's FICA report mailed to the Division of Retirement. Report lists the total taxable wages plus the amount withheld from employee wages plus employer's contribution. See also "PAYROLL RECORDS."
RETENTION: 4 calendar years after due date of tax.

STATE AUTOMATED MANAGEMENT ACCOUNTING SYSTEM (SAMAS) REPORTS
This record series consists of reports of all updated transactions entered into the system and a financial statement for each month for all divisions of judicial branch entities. See also "ACCOUNTS PAYABLE: SUPPORTING DOCUMENTS" and "ACCOUNTS RECEIVABLE: SUPPORTING DOCUMENTS."
RETENTION: 3 years

STATE AWARDS AND RECOGNITION FILES
This record series consists of data relating to the State Meritorious Service Awards Program. File contains employee suggestion forms (Form DMS/EPE.AWP01), evaluations, adoption forms and payment records. It also contains Superior Accomplishment nomination forms and payment records. Summary information submitted to the Department of Management Services for Annual Workforce Report (Form DMS/EPE.AWP02) is also contained in this record series.
RETENTION: 3 years.

SUPPLY RECORDS
This record series consists of documentation of a perpetual inventory of expendable supplies located in a central supply office for use by judicial branch entity employees. Included in this series is a listing of all available supplies which is distributed periodically or upon request. See also "INVENTORY RECORDS: PHYSICAL."
RETENTION: 3 years.

SURVEILLANCE VIDEO TAPES
This record series consists of surveillance video tapes created to monitor activities occurring both within and outside of public *925 buildings. This tape may play an integral part in prosecution or disciplinary actions.
RETENTION: 30 days, then erase and reuse provided any necessary images are saved.

TELEPHONE CALL RECORDS: LONG DISTANCE
This record series consists of documentation and logs of separately billed long distance telephone service.
RETENTION: 1 year.

TRAINING MATERIAL RECORDS
This record series consists of materials used in training, such as films, slides, commentaries, manuals, workbooks and other related items. This records series does not include individual training records.
RETENTION: Retain until obsolete, superseded or administrative value is lost.

TRAINING RECORDS: EMPLOYEE
This record series consists of a record for each employee which may include all educational and training records of the employee. See also "PERSONNEL RECORDS."
RETENTION: 3 years.

TRANSITORY MESSAGES
This record series consists of those records that are created primarily for the communication of information, as opposed to communications designed for the perpetuation of knowledge. Transitory messages do not set policy, establish guidelines or procedures, certify a transaction, or become a receipt. The informal tone of transitory messages might be compared to the communication that might take place during a telephone conversation or a conversation in an office hallway. Transitory messages would include, but would not be limited to: E-mail messages with short-lived, or no administrative value, voice mail, self-sticking notes, and telephone messages.
RETENTION: Retain until obsolete, superseded or administrative value is lost.

TRAVEL RECORDS
This record series consists of records required to support reimbursement of expenses incurred during official travel.
RETENTION: 3 years.

TRIAL BALANCE REPORTS
This record series consists of a report which reflects totals for the net and gross wages, FICA wages, retirement wages and deductions, tax and other deductions in payroll as well as a summary each account/line item's expenditures and encumbrances. See also "ENCUMBRANCE RECORDS", "EXPENDITURE REPORTS", "PAYROLL RECORDS", and "SOCIAL SECURITY CONTROLLED SUMMARY RECORDS".
RETENTION: 3 years.

UNCLAIMED PROPERTY RECORDS
This record series consists of forms required by the State Comptroller's Office for the registration of abandoned tangible or intangible property. These forms are required under Chapter 717 of the Florida Statutes. The judicial branch entity holding the unclaimed property is to maintain a list of the specific type of property, amount, name, and last known address of the owner.
RETENTION: 5 years after the property becomes reportable.

UNEMPLOYMENT COMPENSATION RECORDS
This record series consists of reports submitted to the State on a quarterly basis stating the name of each employee, employee number, amount of wages paid during quarter subject to unemployment benefits, social security number, number of *926 weeks covered and other pertinent information which is retained by the State for determination of unemployment benefits due to applicants for same. Also includes, receipts and statements of charges.
RETENTION: 3 years.

VALIDATING MACHINE TAPE RECORDS
This record series consists of tapes of daily cash or check transactions. Also, may include refunds or rebates. See also "CASH COLLECTION RECORDS."
RETENTION: 3 years.

VEHICLE ACCIDENT REPORTS
This record series consists of reports of employees that are involved in accidents in a judicial branch entity vehicle or in their own vehicle during the course of official business. See also "INJURY REPORTS," and "VEHICLE RECORDS."
RETENTION: 3 years.

VEHICLE LOGS
This record series consists of activity of vehicles used by judicial branch entity personnel for daily routine business. The log shows the name of the driver, destination and total trip mileage. The log may also include a record of when and where a vehicle is fueled. See also "VEHICLE RECORDS."
RETENTION: 1 year.

VEHICLE RECORDS
This record series consists of all pertinent records pertaining to each vehicle owned by the judicial branch entity. The records usually consist of the vehicle registration papers, copy of the title, inspection information, maintenance agreements, credit card information, confidential tag issuance information and any other information relating to the vehicle. See also "VEHICLE ACCIDENT REPORTS."
RETENTION: 1 year after disposition of vehicle.

VENDOR FILES
This record series consists of vendor invoices for items purchased or leased, received and paid for. See also "VOUCHERS."
RETENTION: 3 years.

VISITOR LOGS
This record series consists of records documenting employees' and visitors' entrance into a judicial branch entity's building during and after office hours. See also "KEY AND BADGE ISSUANCE RECORDS."
RETENTION: 30 days.

VOUCHERS: FEDERAL PROJECT PAID
This record series consists of vouchers paid for federally funded projects. Check with applicable grantor for any additional requirements. See also "PROJECT FILES: FEDERAL."
RETENTION: 5 years.

VOUCHERS
This record series consists of paid vouchers, supported with a copy of the purchase requisition, a copy of the purchase order and the vendor's invoice and supporting documents. The check number and other pertinent information are posted to the voucher. See also "VENDOR FILES," "JOURNAL TRANSACTIONS (DAILY)," "JOURNAL TRANSACTIONS (MONTHLY SUMMARY)", and other "VOUCHERS."
RETENTION: 5 years.

VOUCHERS: JOURNAL
This record is used to make special corrections, budget allocations, penned entries from financial statements and to adjust entries from preliminary to final closing.
RETENTION: 3 years.

*927 WIRE AND ORAL COMMUNICATIONS: APPLICATIONS, ORDERS AND AUDIO RECORDINGS
This record series consists of applications for an order authorizing the interception of a wire or oral communications and orders granted pursuant to Chapter 934, Florida Statutes. Also included are original recordings of the contents of any wire or oral communication made pursuant to Section 934.09, Florida Statutes. They shall not be destroyed except upon an order of the issuing or denying judge, or that judge's successor in office, and in any event shall be kept for ten (10) years.
RETENTION: 10 years (upon permission of the Court).

WITNESS SUBPOENAS/LISTS
This record series consists of subpoena lists that may be used to establish witness payments.
RETENTION: 3 years.

WORK ORDERS
This record series consists of information reflecting the individual history of major or minor maintenance or services requiring a work order request. Work order includes dates, locations, cost of labor, hours worked, equipment cost per hour, material used and cost, and other pertinent details. This item does not include equipment maintenance records. See also "MAINTENANCE RECORDS: EQUIPMENT."
RETENTION: 3 years.

WORK SCHEDULES
This record series consists of any scheduling documentation for shift or part time employees. These records may include hours scheduled to work, the switching of hours with another employee, the location or route of work assignment, and anticipated starting and ending times.
RETENTION: 1 year.

WORKERS' COMPENSATION RECORDS
This record series consists of the first report of injury and the employer's supplemental reports including, if used, OSHA Form No. 200 as well as its predecessor forms No. 100 and 102 and OSHA Form No. 101. These records are created pursuant to Florida Statutes Section 440.09 and OSHA standards 1904.2, 1904.4, and 1904.5.
RETENTION: 5 years.